IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GARY DWAYNE SMITH, ID # 1333420,    )
         Plaintiff,              )
vs.                             )        No. 3:05-CV-0640-R (BH)
                             )           ECF
UNIVERSITY OF TEXAS MEDICAL    )    Referred to U.S. Magistrate Judge
BOARD, et al.,                  )
         Defendants.           )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In March 2005, plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 while he was incarcerated in the Dallas County Jail awaiting trial. (*See* Compl. at 1; Answer to Question 9 of Magistrate Judge's Questionnaire (MJQ).)[1] He sues the University of Texas Medical Board (UTMB)[2] in Rosharon, Texas, for forcing him to work for six weeks on a broken knee. (Compl. at 3-4.) He sues the UTMB in Huntsville, Texas, for sending an ombudsman "who did nothing" but say "Your knee isn't broken or you wouldn't be walking on it." (*Id.*) He sues the UTMB in Dallas, Texas, for not giving him medication for "about 2 weeks." (*Id.*; Answer to Question 2 of MJQ.) He sues Dr. Steven Powers because he is "responsible" for the Dallas UTMB. (Compl. at 3; Answer to

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] Although plaintiff sues UTMB from three different locations, the Court will refer to all three collectively as UTMB.

Question 1 of MJQ.)  He seeks monetary damages in this action.  (Compl. at 4.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from a governmental entity and an officer or employee of such entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding *in forma pauperis*, his  complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III.  SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 against UTMB at three Texas locations and a Medical Director at the Dallas County Jail.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

### A. <u>Claims Against UTMB</u>

Plaintiff sues UTMB for various alleged unconstitutional acts and omissions.  However, the University of Texas and its Medical Boards are protected by sovereign immunity under the Eleventh Amendment to the United States Constitution.  *See United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that Eleventh Amendment protects Texas Tech University and its medical branch); *Sampson v. United States*, 73 Fed. App'x 48, 49 (5th Cir. 2003) (per curiam) (recognizing that the University of Texas Medical Branch "is immune from suit under the Eleventh Amendment"); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment).

"The Eleventh Amendment secures the states' immunity from private suits for monetary damages filed in federal court." *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v.*

3

*Florida Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commun.ications v. BellSouth Telecomm. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Consequently, plaintiff may obtain no monetary damages from UTMB. Therefore, the claims against UTMB must be dismissed.

## B. <u>Claims Against Medical Director</u>

Plaintiff sues Dr. Steven Powers, Medical Director at the Dallas County Jail, because he was "responsible" for the Dallas UTMB.  (Compl. at 3.)  His answers to the MJQ show that plaintiff sues Dr. Powers in his supervisory capacity as Medical Director, not because of any personal involvement in the alleged denial of medication while housed in the Dallas County Jail.  (See Answer to Question 1 of MJQ.)  In order to prevail against a supervisor such as Dr. Powers under 42 U.S.C. § 1983, the plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right.  *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  The acts of a subordinate "trigger no individual § 1983 liability."  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Id.*; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this instance, plaintiff does not allege personal involvement by Dr. Powers.  Plaintiff makes no allegations that the doctor directly caused the alleged constitutional violations, or that he was deliberately indifferent to a violation of plaintiff's constitutional rights.  Plaintiff identifies no specific

incident or causative link between his claims and conduct on the part of Dr. Powers.  His claims

against Dr. Powers are based, if anything, on his supervisory role as Medical Director at the Dallas

County Jail.  (*See* Answer to Question 1 of MJQ.)  Consequently, such claims should be dismissed.[3]

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS**

plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Such

dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 31st day of May, 2006.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes, furthermore, that to establish a constitutional violation for denial of medical care, the inmate must show deliberate indifference to a "serious" medical need, "[b]ecause society does not expect that prisoners will have unqualified access to health care."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Plaintiff's allegations fail to show deliberate indifference to a serious medical need.

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE